IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:08CV259 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on June 23, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on June 23, 2008, against the Social Security Administration ("SSA"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are almost completely illegible and are extremely difficult to decipher. However, Plaintiff generally alleges that he is "mad as a Hatter" and suffers from "diminished intellectual capacity" because he was exposed to lead poisoning when he was a child. (Id.) Plaintiff alleges that Defendant refuses to acknowledge his "retardation." (Id. at CM/ECF pp. 1-2.) Plaintiff seeks an "administrative hearing [from the SSA] . . . and relief as [the] court deems just." (Id. at CM/ECF p. 2.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court

must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. Although Plaintiff's allegations are difficult to decipher, the court liberally construes Plaintiff's Complaint as brought pursuant to the Social Security Act. *See* 42 U.S.C. § 1381-83(f). However, this court only may only exercise jurisdiction over such a claim if Plaintiff has exhausted his administrative remedies, or if Plaintiff meets the criteria to waive the exhaustion requirement. *See* 42 U.S.C. § 405(g); *Rowden v. Warden*, 89 F.3d 536, 537 (8th Cir. 1996); *Medellin v. Shalala*, 23 F.3d 199, 204 nn. 4-5 (8th Cir. 1994); *Rodabaugh v. Sullivan,* 943 F.2d 855, 857 (8th Cir. 1991) ("[T]he exhaustion requirement may be waived if a petitioner establishes (1) a colorable constitutional claim collateral to the substantive claim; (2) irreparable injury by enforcement of the exhaustion requirement; and (3) that the purpose of exhaustion would not be served by requiring further administrative procedures.").

As best as the court can tell, Plaintiff is upset because he is not receiving disability benefits for his "retardation." However, Plaintiff has failed to clearly indicate whether he has exhausted his administrative remedies. Further, he has not alleged any facts to establish waiver under *Rodabaugh*. Thus, even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced." *Stringer*, 446 F.3d at 802. However, on the court's own motion, Plaintiff shall have 45 days in which to amend his Complaint in order to address the deficiencies relating to the exhaustion of administrative remedies. In the absence of the filing of an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

      IT IS THEREFORE ORDERED that:

      1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **October 3, 2008** to amend his Complaint. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915(e)(2).

      2.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review case for amended complaint on **October 3, 2008** and dismiss if none filed.

      3.    Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

August 15, 2008.                BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge